## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FILBERTO SANTOS SANCHEZ,<br><br>*Petitioner,*<br><br>v.<br><br>JOHN RIFE, et al.,<br><br>*Respondents.* | CIVIL ACTION<br><br>NO. 26-4149 |

## ORDER

**AND NOW**, this 22nd day of June, 2026, upon consideration of the Petition for a

Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition,

(Dkt. No. 3), it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1.  **Santos is not subject to mandatory detention under 8 U.S.C.**

    **§ 1225(b)(2)**, and instead may be detained, if at all, pursuant to the

    discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1]    In 2009, Filberto Santos Sanchez—a native of Mexico—entered the United States "without inspection." (Pet. ¶¶ 1, 21–22, Dkt. No. 1.)  ICE agents detained him in Malvern, Pennsylvania on June 15, 2026 and brought him to the Philadelphia Federal Detention Center.  (*Id.* ¶¶ 2, 23, 26.)  He is currently detained there under § 1225(b)(2) without a bond hearing.  *See* (*Id.* ¶¶ 3, 6).

    Santos filed a federal *habeas* petition on June 16, 2026, alleging violations of the Immigration and Nationality Act and due process.  (*Id.* at 14–15.)  He seeks an order to prevent his transfer outside the Eastern District of Pennsylvania, declare his detention is unlawful, and immediately release him or alternatively conduct a bond hearing.  (*Id.* at 15–16.)  The Government claims he is lawfully detained.  (Gov't Resp. in Opp'n at 5–8, Dkt. No. 3.)

    The Court disagrees with the Government for the reasons stated in *Demirel v. Federal Detention Center Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) and *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026).  Santos was already in the United States—not "seeking admission" as § 1225(b) requires—when immigration officials detained him. Because the Government did so under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond at a hearing before an immigration judge.  *See Demirel*, 2025 WL 3218243, at *5.  The Court need not address his due process claim.

2.  **On or before June 29, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Santos with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3.  Should the immigration judge deny bond, Santos may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.